## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 09 B 04609 |
| | ) | Chapter 11 |
| RML CAPITAL INVESTMENT, LLC, et al., | ) | Jointly Administered |
| | ) | Judge John H. Squires |
| | ) | |
| Debtors. | ) | |
| | ) | |
| PICCIONE, KEELEY & ASSOCIATES, LTD., | ) | Adversary No. 09 A 00666 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN M. SCHOPPE, RML CAPITAL INVESTMENT, LLC, HIGHLAND REAL ESTATE OF AURORA, INC., PREMIER HOMES, LLC, WILLIAM G. ROBERTS, FIRST FEDERAL SAVINGS BANK, OLD SECOND NATIONAL BANK OF AURORA, WASHINGTON MUTUAL, PATRICK M. KINNALLY, and JPMORGAN CHASE BANK, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter comes before the Court on the motion of the plaintiff, Piccione,

Keeley & Associates, Ltd. ("PKA"), for summary judgment pursuant to Federal Rule of

Civil Procedure 56, made applicable by Federal Rule of Bankruptcy Procedure 7056.

In its complaint, PKA asks the Court to decide what interests the Debtors: John Schoppe,

Highland Real Estate of Aurora, Inc., Premier Homes, LLC, and RML Capital

Investment, LLC (collectively the "Debtors") have in funds deposited with a state court-

-2-

appointed receiver prior to the filing of the bankruptcy petitions. For the reasons stated herein, the Court finds that it does not have jurisdiction to entertain this adversary proceeding. Therefore, the adversary proceeding is dismissed.

## I.  JURISDICTION AND PROCEDURE

Pursuant to 28 U.S.C. § 157(a) and its own Internal Operating Procedure 15(a), the District Court for the Northern District of Illinois has referred its bankruptcy cases to the bankruptcy court for this district. Although the Court lacks jurisdiction to entertain the substance of this adversary proceeding, this Court, *sua sponte*, may decide whether such jurisdiction exists or has been lost at any time during the proceeding. *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

## II.  FACTS AND BACKGROUND

Prior to the filing of the Debtors' bankruptcy petitions, the Illinois state court appointed a receiver, Patrick Kinnally (the "Receiver"), one of the defendants, to collect rents from properties owned and managed by the Debtors. The necessity for the state court Receiver arose out of Illinois state court litigation between the Debtors and one of the other defendants, William G. Roberts ("Roberts"). PKA represented the Debtors during that litigation. Unable to meet their financial obligations to PKA, on April 17, 2008, the Debtors assigned their interests in the Receiver funds to PKA as partial satisfaction of their outstanding legal bills.

-3-

On February 13, 2009, the Debtors filed Chapter 11 bankruptcy petitions. Thereafter, the Debtors filed a motion for turnover of estate property to include any funds held by the Receiver. Various parties objected and PKA initiated the instant adversary proceeding on August 3, 2009.

On January 11, 2010, the Court entered an agreed Order, which determined that the Debtors had, in fact, assigned their interests in the pre-petition Receiver funds to PKA prior to the bankruptcy cases, and that PKA had no interest in the funds collected by the Receiver after the Debtors filed bankruptcy. Included in the Order was a stipulation that the parties–to include the Debtors, Old Second National Bank of Aurora, and the Receiver–would not need to answer or otherwise plead to the complaint because their rights had been determined in the Order. The Court entered the Order and it was signed, as well, by PKA and the above-mentioned defendants. In essence, the parties agreed that the estate had no interest in the adversary proceeding, and its outcome had no affect on the distribution of estate assets.

## III. DISCUSSION

Without an affect on the distribution of estate assets, this Court lacks jurisdiction to entertain the remaining dispute in this adversary proceeding. *See In re Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir. 1987). Although prior to the entry of the agreed Order this Court maintained jurisdiction to hear this matter, after its entry the outcome no longer had an affect on the ultimate distribution of assets, which meant this Court lost jurisdiction. *Id.* Bankruptcy courts do not keep jurisdiction simply because it once existed. *Id.*

-4-

As stated below, without, at a minimum, continuing "related-to" jurisdiction—the broadest form of bankruptcy court jurisdiction—this Court has no power to decide this controversy.

### A.   Jurisdiction Over Bankruptcy Cases

Congress granted jurisdiction over bankruptcy cases to the district courts through 28 U.S.C. § 1334. Subsection (b) provides the district courts with jurisdiction over adversary proceedings in bankruptcy cases and states that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

Though § 1334(b) grants jurisdiction to the district courts, 28 U.S.C. § 157(a) enables district courts to refer all such cases and proceedings to the bankruptcy judges for their district. *See* 28 U.S.C. § 157(a). The District Court for the Northern District of Illinois has referred all bankruptcy cases under its jurisdiction to its bankruptcy judges pursuant to Internal Operating Procedure 15(a). Through the reference from the District Court, jurisdiction lies in this Court over matters arising under, arising in, or related to all cases under title 11.

As opposed to the general grant of jurisdiction in § 1334(b), § 157 divides bankruptcy jurisdiction into two categories: core and non-core. Core matters "arise under" title 11 or "arise in" a case under title 11, whereas non-core matters "otherwise relate-to" a bankruptcy case.

### B.   "Arising in" or "Arising Under" Jurisdiction

Jurisdiction over matters "arising under" the Bankruptcy Code or "arising in" bankruptcy proceedings, "is limited to questions that arise during the bankruptcy

-5-

proceeding and concern the administration of the bankrupt estate, such as whether to discharge a debtor." *Zerand-Bernal Group, Inc.v. Cox*, 23 F.3d 159, 162 (7th Cir. 1994). These matters are "core proceedings" and, for the most part, are enumerated by statute in 28 U.S.C. § 157(b)(2). *Barnett v. Stern*, 909 F.2d 973, 979 (7th Cir. 1990). "Arising under" jurisdiction involves causes of action created or determined by a statutory provision of title 11. *Id.* at 981. "Arising in" jurisdiction encompasses administrative matters that arise only in bankruptcy cases—matters not based on any right expressly created by title 11, but without existence outside of bankruptcy. *Diamond Mtg. Corp. of Ill. v. Sugar*, 913 F.2d 1233, 1239 (7th Cir. 1990).

### C.    "Related-To" Jurisdiction

Non-core matters over which bankruptcy courts have limited jurisdiction are those "related-to" a bankruptcy case. Under 28 U.S.C. § 157(c)(1), a bankruptcy judge "may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11." 28 U.S.C. § 157(c)(1). However, in such non-core proceedings, proposed findings of fact and conclusions of law must be submitted to the district court, which has authority to enter the final order or judgment. *Id.*

The Seventh Circuit has articulated a somewhat limited definition of "related to" jurisdiction, holding that "[a] case is 'related to' a bankruptcy when the dispute affects the amount of property for distribution [i.e., the debtor's estate] or the allocation of property among creditors." *In re Fedpak Sys., Inc.*, 80 F.3d 207, 213-14 (7th Cir. 1996) (internal quotation omitted). *See also Xonics*, 813 F.2d at 131. The Seventh Circuit has explained that it reads "§ 157(c) narrowly not only out of respect for Article III but also to preserve the jurisdiction of state courts over questions of state law involving persons

-6-

not party to the bankruptcy." *Homes Ins. Co. v. Cooper & Cooper, Ltd.*, 889 F.2d 746,

749 (7th Cir. 1989). Overlap between the debtor's affairs and another dispute is

insufficient unless its resolution also affects the debtor's estate or the allocation of its

assets among creditors. *Id.*


# IV.  CONCLUSION

In this matter, the Court entered an Order stating that the Debtors assigned their

interests in the pre-petition Receiver funds to PKA. The parties agreed to the entry of

that Order and signed it. In return, PKA acknowledged that it had no right to the post-

petition funds held by the Receiver. This leaves the Court with a dispute between PKA

and Roberts as to who is entitled to the pre-petition funds, nothing more. No actual

interest of the estate is affected by the outcome of this matter. Without more, this Court

has no "related-to" jurisdiction to hear this adversary proceeding.

For the aforementioned reasons, this Court lacks jurisdiction to hear the

adversary proceeding and it is, therefore, dismissed.

This Opinion constitutes the Court's findings of fact and conclusions of law in

accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be

entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

ENTERED:

DATE: 5/10/10

John H. Squires
United States Bankruptcy Judge

cc:    See attached Service List

# SERVICE LIST

### Piccione, Keeley & Associates, Ltd. v. John M. Schoppe, et al
#### Adversary Case No. 09 A 00666

James K. Borcia, Esq.
David O. Yuen, Esq.
Tressler, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606

Kimberly A. Duda, Esq.
19 S. LaSalle Street
Suite 1500
Chicago, IL 60603

Bradley J. Waller, Esq.
Klein Soddard Buck Waller & Lewis LLC
2045 Aberdeen Court, Suite A
Sycamore, IL 60178

Patrick C. Keeley, Esq.
Piccione, Keeley & Associates, Ltd.
122C S. County Farm Road
Wheaton, IL 60187

Jeffrey S. Burns, Esq.
Crowley Barrett & Karaba
20 S. Clark Street, Suite 2310
Chicago, IL 60603

Richard G. Larsen, Esq.
G. Alexander McTavish, Esq.
Myler, Ruddy & McTavish
105 East Galena Blvd, Suite 800
Aurora, IL 60505

William T. Neary, United States Trustee
219 S. Dearborn Street
Suite 873
Chicago, IL 60604